. (Decided 21st May, 1873.)

JAMES K. RAYFIELD *vs.* NATHANIEL DIXON.

*Caveat to the issuing of a Patent—Variance between the Patent and the Location as returned by the Surveyor.*

Upon application of the appellant, a special warrant of resurvey was issued from the Land Office, and the surveyor surveyed and returned as vacant a parcel of land in Somerset County, called "Whealton's Defeat." The appellee filed a caveat to prevent the issuing of a patent for the land in question, contending that the land sought to be patented was included within the limits of an elder patent issued in 1695, under the name of "Dixon's Lot," under which the caveator claimed. To sustain this position he caused the patent of "Dixon's Lot" to be located, and in the location, as made and returned by the surveyor to the Land Office, the tenth line of the patent, "S. 54 perches" was omitted. HELD :

6          v. 38

Rayfield vs. Dixon.

That the entire omission of the tenth line of the patent, in the location made by the surveyor, was fatal to the caveator, but the case should be remanded, that he might have an opportunity to cause "Dixon's Lot" to be correctly located according to the patent.

APPEAL from the Commissioner of the Land Office.

On the 5th day of May, 1870, the appellant applied to the Commissioner of the Land Office for a special warrant to take about an acre of land, alleged to be vacant, lying in Somerset county, on the west side of Little Annamessex river, opposite Crisfield wharf, and on an island called "James' Island." The warrant issued, and the surveyor of Somerset county, on the 21st of February, 1871, returned his certificate of survey, showing that he had surveyed for the appellant a tract of land called "Whealton's Defeat," situated as above, and containing thirty-nine and five-eighths acres. The caution money was duly paid. On the 11th of May, 1871, the appellee filed a caveat, objecting to the issuing of a patent for the land in question for the following reasons:

1st. Because the land sought to be patented was included within the limits of an elder patent, issued to the caveator's ancestor, Thomas Dixon, on the 10th of November, 1695, under the name of "Dixon's Lot."

2nd. Because the caveator and those under whom he claims, have held exclusive adversary possession of the land in question, for more than twenty years, claiming it under the patent for "Dixon's Lot."

3rd. Because all the land covered by the return of the surveyor, is included in the patent for "Dixon's Lot," and the caveator and those under whom he claims, have since the 10th of November 1695, been in the possession of it, and claimed the exclusive right to use the same to the present time.

On the 2nd of August, 1871, an order was passed assigning a day for the hearing of the caveat, and authoriz-

ing the surveyor of Somerset county, to lay down any lands which by either party he might be directed to lay down, to illustrate the matter in dispute; and leave was given to take depositions before a justice of the peace upon notice. Depositions were taken, and together with the plats were returned to the Land Office.

On the 24th of May, 1872, the Commissioner of the Land Office passed an order ruling the caveat good; from this order the present appeal is taken.

The cause was submitted on briefs to BARTOL, C. J., STEWART, BOWIE, BRENT, MILLER and ROBINSON, J.

*William S. Waters*, for the appellant.

*John H. Handy* and *Levin Woolford*, for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This appeal is taken from a decision of the Commissioner of the Land Office, sustaining the caveat of the appellee, against the issuing of a patent for a parcel of land lying in Somerset county, called " Whealton's Defeat," which had been surveyed and returned as vacant, under a special warrant obtained by the appellant.

The caveator contends that the land sought to be patented, is included within the limits of an elder patent, issued to *Thomas Dixon*, on the 10th day of November, 1695, under the name of " *Dixon's Lot*." To sustain this position he caused the patent of " *Dixon's Lot*," to be located, and the plats with the testimony were returned to the Land Office. From an examination of these it appears that the appellee has failed to make a true location of " Dixon's Lot," as described in the patent. In the location actually made as returned by the surveyor, the tenth line of the patent " *S. 54 Perches*," was omitted. There is a variance of ten perches in the ninth line,

which according to the patent is *N*. 55° *W*. 44 perches, in the surveyor's return, it is stated as 54 perches. The nineteenth line of the patent is N. 32° E. 180 perches, in the location this is the eighteenth line and is stated to be N. 52° E. 180 perches, but this variance in the course may not be material, as this line calls for "the mouth of a creek issuing out of the sound called Flat-Cap Creek," which call, if established by proof, would control the course as indicated in the patent. *Wilson vs. Inloes*, 6 *Gill*, 121.

The entire omission of the *tenth* line of the patent, in the location made by the surveyor, however, is fatal to the case of the appellee, and compels us to reverse the decision of the commission But 'the case will be remanded in order that the caveator may have an opportunity to cause "Dixon's Lot," to be correctly located according to the patent.

In a petition filed in this Court on behalf of the appellee, it has been stated that the Commissioner upon discovering the variance between the patent and the location, proceeded to ascertain, by protracting the lines on the plat returned, the true outlines of the patent courses to the end of the 12th course, and determined that the error in the location "made no substantial difference, so far as the subject-matter in controversy was concerned."

We are not called upon now to decide in what manner and under what circumstances it would be in the power of the Commissioner to cause corrections to be made in the plats returned to his office, for the purpose of showing the true locations; it does not appear in this case that any such corrections were made, he has not so certified in the record, by which alone this Court must be guided.

On the question of costs, the appellee represents that the errors in locating "*Dixon's Lot*," were caused by an incorrect copy of the patent having been furnished to him from the Land Office, and the erroneous copy has been

filed with the petition. It appears, however, from the record that a correct copy of the patent was filed in the case before it was decided below, there is no good reason therefore, why the costs of this appeal should not be paid by the appellee. The costs of the proceedings in the Land Office will abide the ultimate decision of the case.

